UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HERSCHEL COLLINS              :    CIVIL NO. 1:05 CV 02142 (RJL)

   V.                         :

U.S. DEPT. OF INTERIOR, ET AL. :    DECEMBER 13, 2005

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS BY THE DEFENDANTS
CONNECTICUT DIVISION OF SPECIAL REVENUE AND
CONNECTICUT ATTORNEY GENERAL RICHARD BLUMENTHAL**

This case is a pro se civil action by Herschel Collins, a Connecticut resident, seeking enforcement of a purported settlement agreement he labels a "Hold Harmless Agreement" allegedly accepted by the United States Congress. Complaint, p. 2. The agreement which plaintiff attaches to his Complaint under a pleading captioned Herschel Collins, et al. Georgia Jackson v. Ford Motor Credit, et al., Docket No. 3:01CV2060 (AVC), purports to award plaintiff "whistle blowing fees"; a federal casino gaming license; and erasure of his 1990-93 prison record. See Hold Harmless Agreement dated December 29, 2002, Attachment to Complaint. The document is not signed by anyone other than the plaintiff, and contains no court order approving the settlement, but he alleges, "I served on The Speaker of the House, Majority Leader of the Senate, and U.S. Attorney General on July 11, 2005 and was accepted verbally." Complaint, p. 2. The defendants are the U.S. Department of Interior, National Indian Gaming Commission, U.S. Department of Justice, Connecticut Attorney General Richard Blumenthal, Connecticut Division of Special Revenue, the Mashantucket Pequot Tribe and the Mohegan

Tribe. In this motion, the defendants, Connecticut Division of Special Revenue and Connecticut Attorney General Richard Blumenthal, move this Court to dismiss this case because:

1.   This action is barred by the Eleventh Amendment to the United States Constitution.

2.   The Complaint fails to state a claim upon which relief can be granted; Jurisdiction; Standing; Illegality.

For purposes of a motion to dismiss, all well-pleaded factual allegations must be taken as true and the allegations should be construed favorably to the pleader. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Even under these allowances, the Complaint fails to invoke federal jurisdiction in this case. The issues are discussed seriatim.

## ARGUMENT

**1.   This action is barred by the Eleventh Amendment to the United States Constitution.**

This case, in part, seeks money, characterized by plaintiff as whistleblower fees, from the Connecticut Division of Special Revenue[1] and Connecticut Attorney General Richard Blumenthal.[2] However, it is now well established that the doctrine of sovereign immunity embodied by the Eleventh Amendment to the United States Constitution precludes a suit for

---

[1]   The Connecticut Division of Special Revenue is a state agency responsible for regulating legalized gambling in Connecticut. Conn. Gen. Stat. § 12-557b et seq.

[2]   Connecticut Attorney General Richard Blumenthal is an elected state official. Conn. Const., amend., art. I. His office advises and represents the state in civil matters. Conn. Gen. Stat. § 3-125. Criminal matters in Connecticut come under the jurisdiction of the various State's Attorneys. Conn. Gen. Stat. § 51-281 et seq.

2

damages against state agencies and state officials sued in their official capacities. Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Ass'n, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Ford v. Dept. of Treasury of Indiana, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Keenan v. Washington Metropolitan Area Transit Authority, 643 F.Supp. 324, 328 (D.D.C. 1986).

The Eleventh Amendment[3] is a constitutional limitation on the federal judicial power established in Article III, Section 2 of the United States Constitution in actions brought by a citizen against his own state. Pennhurst State School & Hospital v. Halderman (Pennhurst II), 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Ex Parte State of New York No. 1, 256 U.S. 490, 491, 41 S.Ct. 588, 65 L.Ed. 1057 (1921); Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890); Minotti v. Lensink, 798 F.2d 607, 609 (2nd Cir. 1986). Of course, a

---

[3] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

Despite its limited language, it is well settled that this provision precludes federal court jurisdiction over suits brought against the state by its own citizens, absent consent. Pennhurst State Schools & Hospital v. Halderman (Pennhurst II), 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Edelman v. Jordan, 415 U.S. 651, 673-74, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); see also, Red Star Towing & Transportation Co. v. State of Connecticut, 431 F.Supp. 1003, 1004 (D.Conn. 1976).

sovereign's Eleventh Amendment immunity may be waived by an unequivocally expressed consent to suit.  Pennhurst, supra, at 99; see e.g., Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Clark v. Barnard, 108 U.S. 436, 477 2 S.Ct. 878, 27 L.Ed. 780 (1893).  Consent means an explicit statutory provision granting permission to sue.  Florida Dep't. of Health v. Florida Nursing Home Association, 450 U.S. 147, 150, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); see also, Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983); Comba v. Ridgefield, 177 Conn. 268, 273, 413 A.2d 859 (1979).

In the instant case, plaintiff does not, and cannot allege consent for suit.  In fact, he recently sought consent for suit from the Connecticut Claims Commissioner in a somewhat related effort, and consent was denied.  See Claim of Hershel Collins, File No. 19907 (Memorandum of Decision, Sept. 30, 2005) attached to Plaintiff's Complaint.  Accordingly, his request for a monetary award from the defendant state agency and state official named in his official capacity in this case must be dismissed.

**2.     The Complaint fails to state a claim upon which relief can be granted; Jurisdiction; Standing; Illegality.**

In addition to seeking money, plaintiff also seeks enforcement of an alleged agreement for a federal casino gambling license, and expungement of his prison record.  No order enforcing such an agreement can enter against the defendants Division of Special Revenue or Attorney General Blumenthal because they were not parties to any such agreement, and plaintiff does not even allege that they were.  Settlement agreements are subject to the rules of contract law. Natural Resources Defense Council, Inc. v. Reilly, 781 F.Supp. 806, 809 (D.D.C. 1992).  Where jurisdiction is based on diversity of citizenship, the court applies District of Columbia law. Thompson, Cobb, Bazilio Assoc., P.C. v. Grant Thornton, LLP, 2002 U.S. Dist. LEXIS 4976

4

(D.D.C. 2002). Under contract law, a mere offer, not accepted by the party to whom it is made, does not constitute a contract. Metzler v. Harry Kaufman, Co., 32 App. D.C. 434, 440 ( D.C. 1909).

Even if it was accepted by other persons, as plaintiff alleges, the proper way to challenge a violation of a settlement agreement ordinarily is through a Motion to Enforce the Settlement Agreement, or a contempt or breach of contract proceeding in the court in which the settlement agreement was consummated. See Foretich v. ABC, 198 F.3d 270 (D.C. Cir. 1999); Klein v. Zavares, 80 F.3d 432, 435 (10th Cir. 1996).

In order to invoke federal jurisdiction, plaintiff bears the burden of establishing that he has standing to bring his claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). At minimum, plaintiff must establish that he has suffered an actual injury, that this injury is "traceable to the challenged action of the defendants" and that this injury will likely be "redressed by a favorable decision." Id. (citations and internal quotation marks omitted); see also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); Simon v. Eastern KY Welfare Rights Org., 426 U.S. 26, 38-39, 996 S.Ct. 1917, 48 L.Ed.2d 450 (1976). The defendants Division of Special Revenue and Attorney General Blumenthal made no such hold harmless agreement with plaintiff. Moreover, it does not appear that plaintiff's hold harmless agreement was ever approved by the court to resolve the subject litigation referenced in the agreement. To the contrary, the case was dismissed due to its incomprehensibility two months after plaintiff unilaterally filed the alleged agreement. See Ruling on the Defendants' Motion to Dismiss, February 24, 2003, Attachment A.

Assuming, arguendo, that the agreement was verbally accepted by the Speaker of the House, Majority Leader of the Senate and U.S. Attorney General on July 11, 2005, as plaintiff alleges, it must be found void and unenforceable. The federal government cannot give plaintiff a casino gambling license. Federally sanctioned casino gambling is only available to federally recognized Indian Tribes pursuant to the mechanisms prescribed by the Indian Gaming Regulatory Act. 25 U.S.C. § 2703(5). This narrow authorization does not illegally discriminate against plaintiff. See, Artichoke Joe's v. Norton, 353 F.3d 712 (9th Cir. 2003) cert. denied 125 S.Ct. 51 (2004). And Connecticut prison records are under the jurisdiction and control of the Connecticut Department of Correction, not the federal government. See Conn. Gen. Stat. § 18-81. Also, plaintiff's eligibility of whistleblower fees is non-existent. Illegal contracts are void and unenforceable. Al-Ibrahim v. Edde, 897 F.Supp. 620, 623 (D.D.C. 1995). Accordingly, plaintiff's alleged hold harmless agreement cannot be enforceable.

## CONCLUSION

For all of the foregoing reasons, we urge the court to dismiss this case.

          DEFENDANTS
          Connecticut Division of Special Revenue, et al.

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY: _____/s/_____
      Robert F. Vacchelli
      Assistant Attorney General
      110 Sherman Street
      Hartford, CT  06105
      Federal Bar #ct05222
      E-Mail:  robert.vacchelli@po.state.ct.us
      Tel.: (860) 808-5450
      Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 13th day of December, 2005:

Herschel Collins
P.M.B. 161
1131-0 Tolland Turnpike
Manchester, CT 06040

      _____/s/_____
      Robert F. Vacchelli
      Assistant Attorney General