# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HERSCHEL COLLINS, ET AL.,       :
   Plaintiffs,                   :
                                 :
v.                               :     Civil No. 3:01CV2060(AVC)
                                 :
FORD MOTOR CREDIT CO.,           :
ET AL.,                          :
   Defendants.                   :

### RULING ON THE DEFENDANTS' MOTIONS TO DISMISS

This is a pro se action for damages and injunctive relief in which the plaintiffs appear to allege a variety of unrelated claims against twenty-eight named defendants. In the caption of their complaint, the plaintiffs, Herschel Collins and Georgia Jackson, list the following defendants: Ford Motor Credit Company, Ford Motor Company, Chase Automotive Finance, Evalise Reberio, Vivian C. Bullaro, Tony March Buick, Diane Harvey, the Connecticut Support Enforcement Division, the State of Connecticut Judicial Branch, the State of Kentucky, Clark County Child Support, Lillie Wattenberger, Family Relation Court Connecticut, Magistrate Alvord, Superior Court of Connecticut Judge J. Bernstein, Todd Mattiello, Judge Simon Bernstein, Central Connecticut Teachers F.C.U. (Franklin Credit Union), Equifax CRA, Experian (Formerly TRW), Trans Union CRA, Chrysler Corporation, Protective Life Insurance, Connecticut State Attorney General Richard Blumenthal, Assistant Attorney Generals and Jackson A. Meikle, Permittee of the Officers Club Connecticut State Armory.

**PROCEDURAL HISTORY**

In response to the plaintiffs' complaint, the following defendants filed motions pursuant to Fed. R. Civ. P. 12(e) for a more definite statement: Equifax Information Services, LLC (identified in the complaint as Equifax CRA), Ford Motor Company, Experian Information Solutions, Inc. (identified in the complaint as Experian (formerly TRW))[1], Tony March Buick, Inc., Chase Manhatten Automotive Finance Corporation (identified in the complaint as Chase Automotive Finance) and Chase Automotive (now known as J.P. Morgan Chase & Company) and Ford Motor Credit Company.

The following defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for failure to effect service of process, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted, or for failure to comply with a court order: Ribeiro, Bullaro, Meikle and Officers Club of Connecticut, The Phoenix Insurance Company and Mattiello,[2] DaimlerChrysler Corporation (identified in the complaint as Chrysler Corporation), Franklin Trust Federal Credit Union and Chase Manhattan Automotive Finance Corporation.

On June 11, 2002, the court, <u>Droney, J.</u>, issued a ruling and order (the "June 11, 2002 order") granting the defendants'

---

[1] On June 11, 2002, the court approved and ordered a "stipulation and order of dismissal of defendant Experian Information Solutions, Inc." which dismissed this action, with prejudice, against Experian.

[2] Mattiello is an employee of Travelers Insurance (The Phoenix Insurance Company).

2

motions for a more definite statement. The court ordered that the plaintiffs file a more definite statement, with regard to the four claims that the court perceived articulated in the complaint,[3] by July 11, 2002. Specifically, the court ordered the plaintiffs to:

> file a more definite statement that sets forth their claims as specifically as possible, differentiates the conduct of each defendant with respect to their claims, articulates the specific conduct of each defendant with respect to their claims, articulates the specific conduct by each defendant which supports their claims, specifies the right or basis on which the pro se plaintiffs' claims are based, and the date of the deprivation and/or violation of said right. Additionally, the pro se plaintiffs should address (1) statute of limitations issues as to the divorce decree claim and (2) subject matter jurisdiction for this [c]ourt as to all four claims.

In addition, the court denied as moot the pending motions to dismiss. Finally, the court advised the plaintiffs that their failure to comply with that order would result in the dismissal of the action.

The plaintiffs did not file a more definite statement; however, on June 14, 2002, they did file a "motion of objection to the court's ruling and order of June 11, 2002." In that motion, the plaintiffs articulate, among other things, that a pro se plaintiff is granted latitude in his pleadings. The plaintiffs also make further statements regarding the four claims that the court perceived to form the basis of their complaint.

---

[3] The court noted that the complaint appears to allege four claims "(1) a claim relating to a divorce decree from Kentucky; (2) a claim relating to a car accident in 1999; (3) a claim relating to a car purchase in 1999; and, (4) a challenge to Indian gaming licensing."

3

This filing is not responsive to the court's June 11, 2002 order because it fails to include any of the components of a more definite statement as articulated by the court in the June 11, 2002 order. On September 9, 2002, the court construed this filing as a motion for reconsideration of the June 11, 2002 order, denied the motion, required the plaintiffs to file an amended complaint by October 9, 2002, and noted that the plaintiffs' failure to do so could result in the dismissal of the case (the "September 9, 2002 order"). The plaintiffs again failed to amend their complaint or provide a more definite statement.

Because the plaintiffs did not comply with the June 12, 2002 order, several of the defendants renewed previously filed motions to dismiss on the grounds set forth in their original motions, as well as, pursuant to Fed. R. Civ. P. 41(b)[4] for failure to comply with the court's order. In addition, several defendants filed original motions to dismiss for the same reason. Finally, several of the defendants filed renewed motions to dismiss, or original motions to dismiss, citing the plaintiffs' failure to comply with the court's September 9, 2002 order as additional grounds for dismissal of the complaint pursuant to Rule 41(b).

On October 11, 2002, the United States Court of Appeals for

---

[4] Fed. R. Civ. P. 41(b) provides:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

the Second Circuit denied the plaintiffs petition for a writ of mandamus compelling the district court to enter default judgment against various defendants. On October 23, 2002, the court ordered the following defendants, "Richard Blumenthal," "All Assistant Attorney Generals," "State of Connecticut Judicial Branch," "Connecticut Support Enforcement Division," "Family Relation Court Connecticut," and "Judge Simon Bernstein" to show cause why the plaintiffs' renewed motion for default should not be granted.[5] On November 8, 2002, the Honorable Christopher F. Droney, United States District Judge transferred this case to the Honorable Alfred V. Covello, United States District Judge.

On January 2, 2003, the court issued an order of notice to the plaintiffs (the "January 2, 2003 order"), who had failed to provide an opposition memorandum to any of the pending motions to dismiss, that their failure to do so, within ten days, could result in the court deciding the motions in favor of the defendants.

The plaintiffs have filed three documents in response to the January 2, 2003 order; however, the plaintiffs have failed to respond to any of the arguments presented by the defendants in their motions to dismiss. Instead, on January 6, 2003, Collins, one of the plaintiffs, filed a document entitled "PRO SE Litigant

---

[5] On March 27, 2002, Collins first moved for default judgment against these defendants. In its June 11, 2002 order, the court denied that motion as moot, without prejudice. On June 26, 2002, Collins filed a motion for entry of default as to the same defendants, as well as, "State of Connecticut, Lillie Wattenberger". This motion remains pending.

5

Response to Order of Notice". Collins asks the court a series of questions related to the Federal Rules of Civil Procedure and requests an explanation from the court as to why it ordered the plaintiffs to file a more definite statement in light of the fact that pro se litigants are allowed "latitude in their pleadings, regardless of how well it is written, [as] long as it states some form of a claim." Further, Collins suggests that the court's order is unconstitutional and discriminatory, in light of the fact that the "defendants know what they are being sued for". The remainder of this document fails to respond to the motions to dismiss or to any other issues regarding the court's prior orders for the plaintiffs to file a more definite statement.

On January 21, 2003, Collins filed a "Motion to Deny Defendants' Motion to Dismiss". The extent to which Collins responds to the motions to dismiss is limited to the following statements: "Pro se plaintiff has not been granted the latitude granted by law. The complaint of pro se plaintiff states some form of a claim, where relief can be granted."

Also, on January 21, 2003, the other plaintiff, Jackson, filed a "Motion to Deny Defendants' Motion to Dismiss". Jackson indicates that her response is limited to the motions to dismiss filed by the following defendants: "Travelers Insurance (The Phoenix Insurance Company), Todd Mattiello, Evalise Reberio, Vivian Bullaro, all Phoenix Insurance Company Employees, Tony March Buick, Ford Motor Credit Company and the Ford Motor Company." Jackson provides specific details regarding the 1999

automobile accident involving a State of Connecticut Capitol Police Officer, Robert Bates, who is not a named defendant in this action, as well as, subsequent conduct by the Phoenix Insurance Company and its employees that Jackson indicates included "fraud, forgery, and conspiracy to commit forgery."

Some nine more motions to dismiss have been filed since the plaintiffs have filed their responses to the January 2, 2003 order. In sum, there are now twenty-six pending motions to dismiss and renewed motions to dismiss. The renewed motions cite to the plaintiffs' failure to comply with the January 2, 2003 order as a further basis to dismiss the complaint pursuant to Fed. R. Civ. P. 41(b).

The issue now before the court is whether the pending motions to dismiss should be granted in light of the plaintiffs' failure to comply with the June 11, 2002 and September 9, 2002 orders to file a more definite statement, and for their failure to comply with the January 2, 2003 order that sought to obtain responses to the issues raised in the motions to dismiss.

## STANDARD

A defendant may move for the dismissal of an action for a plaintiff's failure to comply with an order of the court. Fed. R. Civ. P. 41(b). "The decision regarding whether to dismiss under Rule 41 is left to the sound discretion of the district courts, and the Court of Appeals for the Second Circuit has highlighted five factors that inform the analysis: (1) the duration of the plaintiff's failures; (2) whether the plaintiff

received any warning that further delays could result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to minimize court congestion with the plaintiff's right to have his case heard; (5) whether less severe sanctions might prove effective." Javier v. Captain Gibson, No. 98 CV 6267, 1999 U.S. Dist. LEXIS 12961, at * 5-6 (2d Cir. Aug. 23, 1999). "These parameters suggest that deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

## DISCUSSION

### I. Failure to Comply With a Court Order

The court will consider the five factors set out by the Second Circuit to guide the analysis of whether to dismiss a complaint under Fed. R. Civ. P. 41(b).

### A. The Duration of the Plaintiffs' Failures to Comply

The court must determine whether the delay has been of significant duration and whether the plaintiffs have occasioned the delay. Spencer v. Doe, 139 F.3d 107, 113 (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994); Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 930 (2d Cir. 1988)).

The court first ordered the plaintiffs to file a more definite statement on June 11, 2002. On September 9, 2002, after the plaintiffs failed to file a more definite statement, the

court again ordered the plaintiffs to file an amended complaint. Many of the defendants have filed motions to dismiss, and renewed previously filed motions to dismiss, seeking to have any claims that may be asserted against them dismissed. In response to the court's January 2, 2003 order of notice to plaintiffs regarding their lack of opposition to the motions to dismiss, the plaintiffs have failed to respond to any of the arguments in the motions to dismiss, and have failed to file a more definite statement to include the items specifically articulated in the June 11, 2002 order. Furthermore, Collins seems to indicate that he does not have an intention of complying with the court's order to file a more definite statement because he states that pro se litigants are afforded "latitude in their pleadings, regardless of how well it is written, [as] long as it states some form of a claim."

Although the court is aware that a pro se plaintiff might have had difficulty understanding what the court sought when it ordered the plaintiffs to file a more definite statement, the court observes that the June 11, 2002 order specifically articulated the items that the plaintiffs should include in providing a more definite statement. In light of the fact that eight months have passed since the court ordered that the plaintiffs file a more definite statement and because they have failed to do so, the court concludes that the plaintiffs have caused a significant delay in the prosecution of this action.

## B. Dismissal Warnings

The June 11, 2002 order indicated that failure to comply with the order would result in the dismissal of the action. The September 9, 2002 order indicated that failure to comply with the order could result in the dismissal of the case. The January 2, 2003 order indicated that the plaintiffs' failure to provide an opposition memorandum to any of the motions to dismiss could result in the court deciding those motions in favor of the defendants.

Because the defendants have been notified in three separate court orders that their failure to comply with those orders may result in the dismissal of the case, the court finds that the plaintiffs have received more than adequate warning that the court could dismiss the action for their failure to comply.

## C. Prejudice to the defendants resulting from further delay

Because the court orders with which the plaintiffs have failed to comply relate to their filing a more definite statement, the court concludes that significant prejudice will result to the defendants. Some of the defendants, whose names appear in the caption of the complaint, do not appear again anywhere else in the body of the complaint. Other defendants, whose names do appear in the body of the complaint, which is unnumbered, not separated by paragraph or into separate counts, are left to wonder exactly what claims are being brought against them because the complaint is written in a narrative fashion and fails to specifically articulate what causes of action the

plaintiffs seek to bring against which specific defendants.

In light of the fact that the complaint lacks sufficient clarity from which a defendant could respond to any allegations which may be made against it,[6] the court concludes that sufficient prejudice will continue to result to the defendants resulting from the plaintiffs' failure to adequately respond to the court's orders for a more definite statement.

D. **Balancing court congestion with the plaintiffs' right to have their case heard**

The court concludes that the plaintiffs have been afforded "a fair chance to be heard". <u>Jackson v. City of New York</u>, 22 F.3d 71, 74 (2d Cir. 1994). The plaintiffs have been given every opportunity to clearly articulate the nature and basis of any causes of action they may have against the named defendants; however, their continued failure to file a more definite statement, that includes the items listed in the June 11, 2002 order, has resulted in the repetitive filing of motions to dismiss by nearly every defendant in this action. The court finds that this factor militates against the plaintiffs.

E. **Considerations of Lesser Sanctions**

The court concludes that any lesser sanction would prove inadequate in this case due to the nature of the order with which the plaintiffs have failed to comply. The plaintiffs have not

---

[6] The court notes that of the twenty-eight named defendants, only one defendant, Trans Union LLC, has actually filed an answer to the complaint. On February 3, 2003, Trans Union filed a motion to dismiss citing as its basis, the plaintiffs' failure to comply with the court's orders.

11

merely failed to comply with a procedural order. Rather, they have failed to completely inform the defendants of the claims that are being brought against them. Because one of the plaintiffs indicated that he did not believe that he was required to file a more definite statement, and because the other plaintiff has filed a further reiteration of the incidents giving rise to her portion of the present suit, but has failed to comply by responding to the particular requests articulated in the June 11, 2002 order, the court concludes that no lesser sanction would prove adequate to compel the plaintiffs to comply with the court's orders.

## II   General Pleading Requirements

The plaintiffs failure to comply with the court's orders presents an extreme circumstance in light of the fact that those orders pertain to the plaintiffs' failure to clearly articulate their causes of action. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, "each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e)(1). "Under the rules liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant `to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Shabtai v. Levande, No. 99 CV 8466, 2001 U.S. Dist. LEXIS 617, at * 2 (2d Cir. Jan. 23, 2001) (citing Kittay v. Kornstein, 230 F.3d

531, 541 (2d Cir. 2000) (quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991))). "If the complaint fails to comply with these rules, the court may, on motion or sua sponte, dismiss the complaint." Shabtai v. Levande, No. 99 CV 8466, 2001 U.S. Dist. LEXIS 617, at * 2 (2d Cir. Jan. 23, 2001). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citing Simmons II v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Because the complaint does not follow the pleading requirement of Rule 8, the court finds a further basis warranting dismissal of this case. The court acknowledges that the plaintiffs appear pro se and has treated the plaintiffs with deference as a result. The court denied the first set of motions to dismiss and allowed the plaintiffs an opportunity to correct the deficiencies in their pleadings by requiring them to file a more definite statement. The court carefully articulated the steps that the plaintiffs should have taken in order to correct the failings in their complaint. The court gave the plaintiffs a second opportunity to file a more definite statement, and yet a third opportunity to address the issues raised in the motions to dismiss, many of which relate to the insufficiency of the plaintiffs' pleadings.

Despite the fact that the court proceeded with due caution

13

because of the plaintiffs' <u>pro se</u> status, it remains that the plaintiffs have failed to address the serious deficiencies in their pleadings. As a result, the court can only conclude that the plaintiffs do not intend to cure the defects in their pleadings, but instead seek to place the burden of doing so on the defendants and the court.

## CONCLUSION

For the reasons stated herein, the court dismisses the plaintiffs' entire complaint.

It is so ordered this 24th day of February, 2003 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

MICROFILM

FEB 2 6 2003

HARTFORD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HERSCHEL COLLINS and
GEORGIA JACKSON

V.                                                    CASE NO. 3:01CV02060(AVC)

FORD MOTOR CREDIT COMPANY,
FORD MOTOR COMPANY, CHASE
AUTOMOTIVE, EVALISE REBERIO,
VIVIAN C. BULLARO, TRAVELERS
SUPERVISOR, TONY MARCH BUICK,
DIANE HARVEY, I/O, CONNECTICUT
SUPPORT ENFORCEMENT DIVISION,
STATE OF CONNECTICUT JUDICIAL
BRANCH, STATE OF KENTUCKY,
CLARK COUNTY, LILLIE WATTENBERGER,
CHILD SUPPORT, I/O, FAMILY RELATION
COURT, CONNECTICUT, MAGISTRATE
ALVORD, I/O, SUPERIOR COURT OF
CONNECTICUT JUDGE J. BERNSTEIN, I/O,
TODD MATTIELLO, TRAVELERS INSURANCE
SERVICE CENTER MANAGER, JUDGE
SIMON BERNSTEIN, I/O AKA J. BERNSTEIN,
CENTRAL CONNECTICUT TEACHERS
F.C.U (FRANKLIN CREDIT UNION),
EQUIFAX CRA, EXPERIAN (FORMERLY
TRW), TRANS UNION CRA, CHRYSLER
CORPORATION (DAIMLER-CHRYSLER
MOTOR), PROTECTIVE LIFE INSURANCE,
CONNECTICUT STATE ATTORNEY
GENERAL RICHARD BLUMENTHAL, I/O,
ASSISTANT ATTORNEY GENERALS,
JACKSON A. MIEKLE, PERMITTEE
OFFICERS CLUB CT STATE ARMORY

## JUDGMENT

This action having commenced by a complaint and having been assigned to the Honorable

Christopher F. Droney, United States District Judge; and

The plaintiff, Herschel Collins and the defendant, Experian Information Solutions, Inc.

(formerly TRW) having filed a stipulation of dismissal with prejudice and the Court, on June 11, 2002 having filed its endorsement approving the stipulation; and

Thereafter, on November 8, 2002, the matter having been reassigned to the Honorable Alfred V. Covello, United States District Judge, and

The defendants, Chrysler Corporation (Daimler-Chrysler Motor), Chase Automotive, Tony March Buick, Todd Mattiello, Travelers Supervisor, Ford Motor Credit Company, Central Connecticut Teachers F.C.U. (Franklin Credit Union), Ford Motor Company, Vivian C. Bullaro, Connecticut State Attorney General Richard Blumenthal, Assistant Attorneys General, State of Connecticut Judicial Branch, Connecticut Support Enforcement Division, State of Connecticut Family Relations Court, Superior Court of Connecticut Judge J. Bernstein, Judge Simon Bernstein a/k/a J. Bernstein and Jackson A. Miekle, Permittee, Officers Club Connecticut State Armory, having filed motions to dismiss and the Court, having considered the full record of the case including applicable principles of law, on February 24, 2003 filed its ruling dismissing the action in its entirety; it is hereby

ORDERED, ADJUDGED and DECREED that the complaint as to defendant, Experian Information Solutions, Inc. be and is hereby dismissed pursuant to the stipulation; and further

ORDERED, ADJUDGED and DECREED that judgment be and is hereby entered dismissing the plaintiffs' complaint in its entirety.

Dated at Hartford, Connecticut, this 26th day of February, 2003.

KEVIN F. ROWE, Clerk

By: _Jo-Ann Walker_
Jo-Ann Walker
Deputy Clerk

EOD: 2/26/03

# MANDATE

D. Conn.
01-cv-2060
Covello, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT



At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of September two thousand three,

Present:

    Hon. Pierre N. Leval,
    Hon. Robert D. Sack,
        *Circuit Judges,*
    Hon. Edward Korman,
        *Chief District Judge.*

---

Herschel Collins, *et al.*,

    Plaintiffs-Appellants,

    v.                          03-7419

Ford Motor Credit Co., *et al.*,

    Defendants-Appellees.

---

Appellees have moved to dismiss the appeal for lack of jurisdiction. Upon due consideration, it is ORDERED that the motions to dismiss the appeal are granted and the appeal is dismissed. The Court lacks jurisdiction over this appeal because the notice of appeal is untimely pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure.

**A TRUE COPY**
**Roseann B. MacKechnie, CLERK**
by *Deborah Holmes*
   DEPUTY CLERK

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Oliva M. George*
   Oliva M. George, Deputy Clerk

---

*Hon. Edward Korman, Chief Judge of the U.S. District Court for the Eastern District of New York, sitting by designation.

SAO/GW    SEP 22 2003

ISSUED AS MANDATE: SEP 17 2004