IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HERSCHEL COLLINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 1:05-cv-02142 |
| v. | ) | |
| | ) | Hon. Richard J. Leon |
| UNITED STATES DEPARTMENT OF | ) | |
| INTERIOR, BUREAU OF INDIAN AFFAIRS, | ) | |
| NATIONAL INDIAN GAMING COMMISSION, | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| RICHARD BLUMENTHAL, | ) | |
| CONNECTICUT DIVISION OF SPECIAL | ) | |
| REVENUE, MOHEGAN TRIBAL NATION, | ) | |
| MASHANTUCKET PEQUOT, | ) | |
| | ) | |
| Defendants | ) | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Defendants the United States Department of Interior, Bureau of Indian Affairs, National Indian Gaming Commission and the United States Department of Justice (the "Federal Defendants"), by and through their undersigned counsel, hereby move this Court for an Order, pursuant to Fed. R. Civ. P. (b) (1) and (2), dismissing the Plaintiff's Complaint. The grounds for the Federal Defendants' Motion are that:

1. Plaintiff's request to "enforce" a "hold harmless agreement" and claims for "whistle blowing fees" and a "reward" and for "removal of jail history" are not within the subject matter jurisdiction of this Court.

2. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

In support of this Motion, Federal Defendants submit the accompanying Memorandum of

Points and Authorities in Support of Federal Defendants' Motion to Dismiss.

WHEREFORE, the Federal Defendants respectfully request that their Motion to Dismiss be granted, Plaintiff's Complaint be dismissed with prejudice, and judgment be entered in favor of the Federal Defendants.

Dated this 22nd day of December, 2005.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice


/s/ Alex Kriegsman
Alex Kriegsman
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-3022
Facsimile: (202) 305-0506

OF COUNSEL:
Bridget Virchis
Division of Indian Affairs
Office of the Solicitor
United States Department of Interior
1849 C St., NW
MS 6456
Washington, DC 20240
(202) 219-1661

Katherine L. Zebell
Office of General Counsel
National Indian Gaming Commission
1441 L St. NW, Suite 9100
Washington, D.C. 20009
(202) 634-0013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HERSCHEL COLLINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 1:05-cv-02142 |
| v. | ) | |
| | ) | Hon. Richard J. Leon |
| UNITED STATES DEPARTMENT OF | ) | |
| INTERIOR, BUREAU OF INDIAN AFFAIRS, | ) | |
| NATIONAL INDIAN GAMING COMMISSION, | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| RICHARD BLUMENTHAL, | ) | |
| CONNECTICUT DIVISION OF SPECIAL | ) | |
| REVENUE, MOHEGAN TRIBAL NATION, | ) | |
| MASHANTUCKET PEQUOT, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE FEDERAL DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK
          OF SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.     Plaintiff's Failure to Allege a Waiver of Sovereign Immunity
                Warrants Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          B.     Plaintiff Cannot Sue the United States in this Court for Specific
                Performance of a Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          C.     Plaintiff's Allegation of a Violation of the Johnson Act Does Not Confer
                Jurisdiction on this Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE
          TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

### FEDERAL CASES

Baker v. Carr, 369 U.S. 186 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,
527 U.S. 666 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Conley v. Gibson, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

Gibb v. Buck, 307 U.S. 66, 72 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hishon v. King & Spalding, 467 U.S. 69 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

In re Al Fayed, 91 F.Supp. 2d 137 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

In re Sac & Fox Tribe of MS, 340 F.3d 749 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . 2

Lac Vieux Desert Band of Lake Superior Chippewa Indians of Michigan v. Ashcroft,
360 F.Supp.2d 64 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lane v. Pena, 518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Library of Congress v. Shaw, 478 U.S. 310 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Neitzke v. Williams, 490 U.S. 319 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ruckelshaus v. Sierra Club, 463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Transohio Sav. Bank v. Dir., Office of Thrift Supervision,
967 F. 2d 598 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Trifax Corp. v. District of Columbia, 314 F.3d 641 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . 3

Trout v. Secretary of Navy, 317 F.3d 286 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. King, 395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Navajo Nation, 537 U.S. 488 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Nordic Village, Inc., 503 U.S. 30 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Sherwood, 312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## FEDERAL STATUTES

5 U.S.C. §§ 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. §§ 1171-1178 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1988 U.S.C.C.A.N. 1090 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25 U.S.C. § 2701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

25 U.S.C. § 2714 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §§ 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## CONGRESSIONAL REPORTS

Senate Report 100-446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATE STATUTES

Conn. Gen. Stat. § 18-81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**<u>FEDERAL RULES</u>**

FRCP 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,6

## INTRODUCTION

Defendants the United States Department of Interior, Bureau of Indian Affairs, National Indian Gaming Commission and the United States Department of Justice (the "Federal Defendants") respectfully move this Court to dismiss this action filed by Plaintiff Herschel Collins. The Complaint should be dismissed because Plaintiff asserts claims beyond the subject matter jurisdiction of this Court and fails to state a claim upon which relief can be granted. Specifically, Plaintiff has failed to allege a waiver of sovereign immunity. Further, to the extent Plaintiff's claims are cognizable, he appears to be seeking specific performance of a contract and monetary damages in excess of $10,000 - both beyond the jurisdiction of this Court. Finally, Plaintiff's complaint should be dismissed because, by asserting claims without any factual foundation or basis, the Complaint fails to state a claim upon which relief can be granted. For these reasons, this Court should dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed this action on November 2, 2005. In his Complaint, Plaintiff appears to allege that an agreement made between the state of Connecticut (the "State") and the Mashantucket Pequot Tribe (the "Tribe") permitting the Tribe to operate a Class III gaming facility violates the Johnson Act and is illegal under Connecticut law. Complt. at 2. Plaintiff further alleges that a "Hold Harmless" agreement between him and the United States Congress was entered into, which entitles Plaintiff to "whistle blowing fees" and a "Reward for settling" to

be taken from the Tribe's casinos.  Complt. at 2-3.  Plaintiff requests: 1) an order allowing him to inspect the books of the Foxwood and Mohegan Sun Casinos; 2) enforcement of the alleged "Hold Harmless Agreement;" 3) "whistle blowing fees;" 4) a "reward for settling in the form of a federal gaming license issued by the executive branch of government on behalf of the U.S. Congress;" and 5) "removal of any jail history in the State of Connecticut."  Complt. at 2-4.

**STANDARD OF REVIEW**

It is well settled that federal district courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  They may exercise only as much jurisdiction as is granted to them under the Constitution and by Congress.  Id.  The Plaintiff bears the burden of establishing the federal jurisdiction upon which his suit relies.  Id.  Plaintiff, therefore, also has the burden of pleading the requisite jurisdictional facts.  See Gibbs v. Buck, 307 U.S. 66, 72 (1939).  A complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction if the action: (1) does not arise under the federal Constitution, law, or treaties, or fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of that section; or (3) the cause is not one described by any jurisdictional statute.  See Baker v. Carr, 369 U.S. 186, 197 (1962).

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 327 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and Conley v. Gibson, 355 U.S. 41 (1957)).  "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is

2

based on an outlandish legal theory or on a close but ultimately unavailing one." Nietzke, 490

U.S. at 327 (quoting Hishon, 467 U.S. at 73). Thus, a claim should be dismissed under Rule

12(b)(6) when "it appears beyond doubt that the [P]laintiff can prove no set of facts in support of

his legal claim which would entitle him to relief." Conley, 355 U.S. at 45-46; Trifax Corp. v.

District of Columbia, 314 F.3d 641, 643 (D.C. Cir. 2003).

## ARGUMENT

I.    **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF
      SUBJECT MATTER JURISDICTION.**

A.    **Plaintiff's Failure to Allege a Waiver of Sovereign Immunity Warrants Dismissal.**

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it

consents to be sued . . . , and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting

United States v. Sherwood, 312 U.S. 584, 586 (1941)). In determining when such consent is

present, the Supreme Court has long held that "[a] waiver of sovereign immunity 'cannot be

implied but must be unequivocally expressed.'" Mitchell, 445 U.S. at 538 (quoting United States

v. King, 395 U.S. 1, 4 (1969)); accord College Sav. Bank v. Florida Prepaid Postsecondary Educ.

Expense Bd., 527 U.S. 666, 682 (1999) and United States v. Nordic Village, Inc., 503 U.S. 30,

33-34 (1992).

The party asserting jurisdiction bears the burden of establishing a waiver of the

government's sovereign immunity. In re Al Fayed, 91 F.Supp. 2d 137, 140 (D.D.C. 2000). Any

waiver is to be construed strictly in favor of the government. Ruckelshaus v. Sierra Club, 463

U.S. 680, 685 (1983); Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); Trout v. Sec'y of

Navy, 317 F.3d 286, 289-90 (D.C. Cir. 2003).

At a minimum, to avoid the bar of sovereign immunity, Plaintiff has a duty to allege a statute evincing a waiver of the United States' sovereign immunity.  Lane v. Pena, 518 U.S. 187, 192 (1996).  Plaintiff has not alleged any such waiver and indeed, his complaint is devoid of any mention of statutes through which the United States may have waived its sovereign immunity. This failure warrants dismissal.

**B.     Plaintiff Cannot Sue the United States in this Court for Specific Performance of a Contract.**

Plaintiff appears to be suing for specific enforcement of a contract - the "Hold Harmless Agreement."  Complt. at 1.  Even if this were a valid contract, the United States has not waived its sovereign immunity for such a suit.  The Administrative Procedure Act waives the United States's sovereign immunity to allow challenges to federal agency actions.  See 5 U.S.C. § 702. However, there are three exclusions to this waiver, including claims seeking relief that is expressly or impliedly forbidden by another statute.  See 5 U.S.C. §§ 702, 704; Transohio Sav. Bank v. Dir., Office of Thrift Supervision, 967 F. 2d 598, 607 (D.C. Cir. 1992).  Moreover, the Tucker Act grants the United States Court of Federal Claims exclusive jurisdiction over "any claim against the United States founded," inter alia, "upon any express or implied contract with the United States," where the claim exceeds $10,000.  28 U.S.C. §§ 1346 (a)(2), 1491 (a)(1). Therefore, a suit in a United States District Court to enforce an alleged contract with the United States claiming damages in excess of $10,000 is precluded by the Tucker Act.

Plaintiff's Complaint states that it seeks to "enforce the Hold Harmless Agreement accepted by the 535 members of the US Congress filed with the US District Court 10/2002 ."

4

Complt. At 1.  According to the "Hold Harmless Agreement," attached to Plaintiff's Complaint, "plaintiff will receive 40% of the Illegally Gained profits of the two Indian Casinos."  This alleged amount appears to be well in excess of $10,000.  Accordingly, to the extent Plaintiff's claims are cognizable - - and Federal Defendants strongly argue they are not - - Plaintiff impermissibly seeks an award of specific performance from this Court of a contract with the United States, and claims damages well in excess of $10,000.  Because there is no waiver of sovereign immunity to assert Plaintiff's claims, and because they are beyond the subject matter jurisdiction of this Court, dismissal of Plaintiff's Complaint is warranted under Rule 12(b)(1).

**C.      Plaintiff's Allegation of a Violation of the Johnson Act Does Not Confer Jurisdiction on this Court.**

In addition to the failure to properly allege a jurisdictional basis for this Court to hear Plaintiff's claims, it is also unclear from the Complaint what claims Plaintiff is asserting against the Federal Defendants.  It appears that Plaintiff alleges that illegal gaming is occurring in violation of the Johnson Act, 15 U.S.C. §1171.  Complt. at 2-3.  To the extent that this constitutes Plaintiff's claim, it also must fail.  While the Johnson Act, 15 U.S.C. §§ 1171-1178, prohibits the possession or use of "gambling devices," including slot machines, within Indian country, it is the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 et seq., that governs gambling activity and the use of gambling devices in Indian country.

Significantly, IGRA does not waive the government's sovereign immunity from suit. IGRA's language demonstrates Congress' clear intent to limit judicial review to certain final agency actions taken under the statute.  Lac Vieux Desert Band of Lake Superior Chippewa Indians of Michigan v. Ashcroft, 360 F.Supp.2d 64, 67 (D.D.C. 2004).  IGRA contains a

"detailed enforcement and administrative review system." Id. (quoting In re Sac & Fox Tribe of

MS, 340 F.3d 749, 756 (8th Cir. 2003)).  Under IGRA, 25 U.S.C. section 2714 expressly provides

for judicial review of decisions made by the National Indian Gaming Commission pursuant to

sections 2710, 2711, 2712, and 2713, and such decisions are considered to be final agency

decisions for the purpose of asserting an appeal to federal district court.  Moreover, a review of

IGRA's legislative history demonstrates' Congress intent to limit judicial review only to certain

agency decisions, overcoming the APA's presumption of judicial review.  See Senate Report

100-446 at 20, 1988 U.S.C.C.A.N. 1090.  Thus, Plaintiff must show that his claim involves a

final agency decision impacting him such that this Court, under IGRA, may hear Plaintiff's

claim.  Plaintiff fails to meet this burden as well.

## II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

As set forth above, to the extent Plaintiff's claims regarding the "Hold Harmless

Agreement" and requests for fees and a "reward" are cognizable, they are not within the

jurisdiction of this Court.  Even if this Court did have jurisdiction to hear Plaintiff's claims, this

action must nonetheless be dismissed pursuant to Rule 12(b)(6).  It is unclear what Plaintiff is

alleging and the Complaint fails to provide any factual basis whatsoever for the relief he seeks.

See Nietzke, 490 U.S. at 325-26 (complaint which states no claim must be dismissed pursuant to

Rule 12 (b)(6)); Westech Gear Corp. v. Department of Navy, 1998 WL 170555 (D.D.C. Apr. 26,

1988) (dismissing complaint where claims lack any factual basis).

Plaintiff's final request - for "removal of any jail history - is also improper.  Plaintiff

requests ""Removal of any jail history in the State of Connecticut, where a U.S. District Court

Judge ruled in Herschel Collins favor, and State of Connecticut Attorney General Allow the same defendants to prosecute Herschel Collins in the State of Connecticut Courts." Complt. at 3-4. Again, it is unclear precisely what relief Plaintiff is seeking, but to the extent Plaintiff is asking this Court to "remove" or alter Connecticut prison records, such relief is beyond the jurisdiction or control of the Federal Defendants as well as this Court. Connecticut prison records are under the jurisdiction and control of the Connecticut Department of Correction. See Conn. Gen. Stat. § 18-81. Accordingly, this request fails to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, Federal Defendants respectfully request that their motion to dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice.

Dated this 22nd day of December, 2005.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice

/s/ Alex Kriegsman
Alex Kriegsman
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-3022
Facsimile: (202) 305-0506

7

OF COUNSEL:
Bridget Virchis
Division of Indian Affairs
Office of the Solicitor
United States Department of Interior
1849 C St., NW
MS 6456
Washington, DC 20240
(202) 219-1661


Katherine L. Zebell
Office of General Counsel
National Indian Gaming Commission
1441 L St. NW, Suite 9100
Washington, D.C. 20009
(202) 634-0013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERSCHEL COLLINS,                                    )
                                                     )
                       Plaintiff                     )
                                                     )    No. 1:05-cv-02142
            v.                                       )
                                                     )    Hon. Richard J. Leon
UNITED STATES DEPARTMENT OF                          )
INTERIOR, BUREAU OF INDIAN AFFAIRS,                  )
NATIONAL INDIAN GAMING COMMISSION,                   )
UNITED STATES DEPARTMENT OF JUSTICE                  )
RICHARD BLUMENTHAL,                                  )
CONNECTICUT DIVISION OF SPECIAL                      )
REVENUE, MOHEGAN TRIBAL NATION,                      )
MASHANTUCKET PEQUOT,                                 )
                                                     )
                       Defendant                     )
_____ )

## [PROPOSED] ORDER

This matter having come before the Court on FEDERAL DEFENDANTS' MOTION TO

DISMISS, and the Court being advised in the premises,

IT IS HEREBY ORDERED that FEDERAL DEFENDANTS' MOTION TO DISMISS is

GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is HEREBY DISMISSED with

prejudice and judgment is entered IN FAVOR OF the Federal Defendants.

IT IS SO ORDERED.

DONE THIS _____ DAY OF _____, 200__.


BY THE COURT:                    _____
                                         JUDGE RICHARD J. LEON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2005, a copy of the foregoing Defendant's Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss was served on:

Hershel L. Collins
PMB 161
1131-0 Tolland Turnpike
Manchester, CT 06040
(860) 995-8131

Plaintiff, acting in pro se capacity, by causing a full, true and correct copy thereof to be sent, on the date set forth below, by U.S. Mail.

/s/ Alex Kriegsman
Alex Kriegsman
Trial Attorney