IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERSCHEL COLLINS,            )<br>                              )<br>       Plaintiff             )<br>                              )  No. 1:05-cv-02142<br>       v.                    )<br>                              )  Hon. Richard J. Leon<br>UNITED STATES DEPARTMENT OF  )<br>INTERIOR, BUREAU OF INDIAN AFFAIRS, )<br>NATIONAL INDIAN GAMING COMMISSION, )<br>UNITED STATES DEPARTMENT OF JUSTICE )<br>RICHARD BLUMENTHAL,         )<br>CONNECTICUT DIVISION OF SPECIAL )<br>REVENUE, MOHEGAN TRIBAL NATION, )<br>MASHANTUCKET PEQUOT,        )<br>                              )<br>       Defendants            )<br>_____)  | |

**REPLY MEMORANDUM IN SUPPORT OF THE
FEDERAL DEFENDANTS' MOTION TO DISMISS**

Defendants the United States Department of Interior, Bureau of Indian Affairs, National Indian Gaming Commission and the United States Department of Justice (the "Federal Defendants") respectfully submit this Reply Memorandum in support of Federal Defendants' Motion to Dismiss Plaintiff's Complaint. On January 11, 2006, Plaintiff filed a "Revised Motion for Denial of Federal Defendants Motion to Dismiss" ("Opposition"). Plaintiff asserts that the Federal Defendants' Motion to Dismiss ("Motion") should be denied because: 1) Plaintiff's claims are within the subject matter jurisdiction of this Court and 2) the Court may not dismiss a pro se Complaint under Rule 12 of the Federal Rules of Civil Procedure. Opposition at 1-2. Plaintiffs arguments are without merit.

Initially, it must be stressed that Plaintiff fails to address the fundamental defects that the Federal Defendants' Motion identifies. The Federal Defendants argued that the there was no subject matter jurisdiction for three reasons. First Plaintiff wholly fails to allege any waiver of sovereign immunity that would confer jurisdiction over this court. See Motion at 3-4. Plaintiff has the burden to establish the waiver and the Complaint fails to allege any such waiver. Plaintiff's opposition does not supply any waiver or attempt to articulate how the allegations fit under any such waiver. While Plaintiff is a pro se litigant, he must still meet his burden of establishing a jurisdictional predicate for this action. Second, Plaintiff seeks to secure the specific performance of a contract. Plaintiff reasserts this "request to enforce the hold harmless agreement." Opposition at 2 . This is plainly outside the jurisdiction of the Court, which cannot order specific performance of a government contract. See Motion at 4-5. Plaintiff's reply does not address this fundamental deficiency. Nor does Plaintiff provide any jurisdictional hook for an accounting of whistle blower fees from the collection of penalties. The Federal Defendants

1

noted that the gambling statutes, in particular the Johnson Act, confer no jurisdiction for Plaintiff to adjudicate fines, penalties, or whistle blower fees. Motion at 5-6. Plaintiff again provides no response to the Federal Defendants argument in this respect.

Independent of the jurisdictional deficiencies, Plaintiff fails to state any claim. See Motion at 6-7. Plaintiff fails to state a cognizable claim against the Federal Defendants related to matters involving a claim for whistle blowing fees, a federal gaming license, or removal of prison history. Neither the Complaint or the Opposition identify any factual basis, regulatory, or statutory authority for any entitlement to an accounting for fees, fees, a federal gaming license, or duties of federal defendants for removal of prison history. "Although pro se pleadings are to be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), a pro se litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure." Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C.1987). See also Turner v. F.B.I., 2005 WL 3201444, *2 (D.D.C. Oct. 31, 2005). Accordingly, Plaintiff's Complaint fails to state any claim and must be dismissed.

While not addressing directly any of the Federal Defendants' arguments, Plaintiff's Opposition asserts that his "request to enforce the hold harmless agreement" and claims for "whistle blowing fee" and "Removal of Jail History" (sic) are within the subject matter jurisdiction of this Court. Opposition at 2. Plaintiff does not explain why the Court has subject matter jurisdiction for these claims, or provide any support for this proposition. On the contrary, "[i]t is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). And as set forth in the Motion, the party

asserting jurisdiction bears the burden of establishing a waiver of the government's sovereign immunity.  In re Al Fayed, 91 F.Supp. 2d 137, 140 (D.D.C. 2000).  At a minimum, to avoid the bar of sovereign immunity, Plaintiff has a duty to allege a statute evincing a waiver of the United States' sovereign immunity.  Lane v. Pena, 518 U.S. 187, 192 (1996).  Plaintiff has not alleged any such waiver and indeed, his complaint is devoid of any mention of statutes through which the United States may have waived its sovereign immunity.  This failure warrants dismissal.

Plaintiff next asserts that "this Court cannot rule on a Rule 12(b) (1) and (6) Motion for dismissal of a Prose Plaintiff complaint for failure to state a claim." Opposition at 2.  Plaintiff cites Phillips v. Girdich, 408 F. 3d 124, 127-28 (2d Cir. 2005), for support.  Opposition at 2.  Phillips does acknowledge that pro se complaints should be "construed liberally" and looked at with "a lenient eye."  Phillips, 408 F. 3d at 128.  But Phillips does not state that pro se complaints may not be dismissed under Rule 12.  See id. (pro se complaints should not be dismissed "unless it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations") (internal citations omitted).  Accordingly, although Plaintiff's pro se status entitles him to leniency from the Court in interpreting his Complaint, it must nonetheless be dismissed where, as here, " it is clear that the plaintiff would not be entitled to relief under any set of facts."  Id.

As set forth in the Motion, to the extent Plaintiff's claims regarding the "Hold Harmless Agreement" and requests for fees and a "reward" are cognizable, they are not within the jurisdiction of this Court.  Even if this Court did have jurisdiction to hear Plaintiff's claims, this action must nonetheless be dismissed pursuant to Rule 12(b)(6).  It is unclear what Plaintiff is alleging and the Complaint fails to provide any factual basis whatsoever for the relief he seeks.

See Neitzke v. Williams, 490 U.S. 319, 325-26 (complaint which states no claim must be dismissed pursuant to Rule 12(b)(6)); Westech Gear Corp. v. Department of Navy, 1998 WL 170555 (D.D.C. Apr. 26, 1988) (dismissing complaint where claims lack any factual basis).

Plaintiff's final request - reasserted in the motion for denial - for "removal of any jail history is also improper. Plaintiff requests "Removal of any jail history in the State of Connecticut, where a U.S. District Court Judge ruled in Herschel Collins favor, and State of Connecticut Attorney General Allow the same defendants to prosecute Herschel Collins in the State of Connecticut Courts." Complt. at 3-4. Again, it is unclear precisely what relief Plaintiff is seeking, but to the extent Plaintiff is asking this Court to "remove" or alter Connecticut prison records, such relief is beyond the jurisdiction or control of the Federal Defendants as well as this Court. Connecticut prison records are under the jurisdiction and control of the Connecticut Department of Correction. See Conn. Gen. Stat. § 18-81. Accordingly, this request fails to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, and because - to the extent they are cognizable - Plaintiff's claims are beyond the subject matter jurisdiction of this Court, the Complaint should be dismissed.

//
//
//

Dated this 19th day of January, 2006.

    Respectfully submitted,

    SUE ELLEN WOOLDRIDGE
    Assistant Attorney General
    United States Department of Justice


    /s/ Alex Kriegsman_____
    Alex Kriegsman
    Trial Attorney
    United States Department of Justice
    Natural Resources Section
    P.O. Box 663
    Washington, D.C.  20044-0663
    Tel: (202) 305-3022
    Facsimile: (202) 305-0506

OF COUNSEL:
Bridget Virchis
Division of Indian Affairs
Office of the Solicitor
United States Department of Interior
1849 C St., NW
MS 6456
Washington, DC 20240
(202) 219-1661


Katherine L. Zebell
Office of General Counsel
National Indian Gaming Commission
1441 L St. NW, Suite 9100
Washington, D.C. 20009
(202) 634-0013

## **CERTIFICATE OF SERVICE**

       I hereby certify that on January 19, 2006, a copy of the foregoing Defendant's Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss was served on:

    Hershel L. Collins
    PMB 161
    1131-0 Tolland Turnpike
    Manchester, CT 06040
    (860) 995-8131

       Plaintiff, acting in pro se capacity, by causing a full, true and correct copy thereof to be sent, on the date set forth below, by U.S. Mail.

                                        /s/ Alex Kriegsman
                                        Alex Kriegsman
                                        Trial Attorney