UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

HERSCHEL COLLINS

      Plaintiff,

VS                      Civ. Action No. 05-2142(RJL)

DEPARTMENT OF INTERIOR, et al.,

      Defendants,

MOTION TO VACATE ORDER OF JULY 17, 2006 MOTION TO DISMISS BY DEFENDANTS CONNECTICUT DIVISION OF SPECIAL REVENUE AND CONNECTICUT ATTORNEY GENERAL RICHARD BLUMENTHAL.

---

Prose Plaintiff Respectfully Petition this Court to Vacate the Court Order of July 17, 2006, hereby ORDERED that [#8] Motion to Dismiss by Defendants Connecticut

RECEIVED
JUL 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Division of Special REVENUE and CONNECTICUT ATTORNEY GENERAL RICHARD BLUMENTHAL be VACATED ALONG WITH ORDERED [#9, #4, #21,]

PROSE PLAINTIFF SUBMIT THE FOLLOWING ALONG WITH ATTACHED COURT CASE AND EXHIBITS, TO SUPPORT HIS CLAIM FOR THE COURT TO VACATE DEFENDANTS MOTION FOR DISMISSAL PURSUANT to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6) for lack of subject matter Jurisdiction and failure to state a claim upon which relief can be granted. Defendants move to Dismiss Prose Plaintiff claims on essentially two grounds: (1) for lack of subject matter jurisdiction; and (2) failure to state a claim upon which relief can be granted. PROSE PLAINTIFF makes the following statement to this court as Prose Plaintiff; this court has made an Appeal able Error in allowing Dismissal of Prose Plaintiff claim on a 12(b)(1) and 12(b)(6) Motion. Prose Plaintiff address Defendants Motion to dismiss as also a Rule 8 Dismissal, and since Defendants did not address Rule 8, Prose Plaintiff will address Rule 8 and 12(b)(1) and 12(b)(6) as an Order of the U.S. Court of Appeals for the Second Circuit on why this court cannot dismiss a Prose Plaintiff claim. Prose Plaintiff makes the following as to the fact this court must vacate and reinstate Prose Plaintiff claim, and reinstate all orders of dismissal ordered because of this court errors in not applying the law according for Prose Plaintiff. Rule 8 does not impose particularly onerous requirement. The rule requires only that complaint contain a " short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ> P. 8 (a)(1). The purpose of this requirement is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Wynder v. McMahon,

360 F. 3d 73, 77 (2dCir.2004) (Citations omitted) ; see also Swierkiewicz v. Sorema, S.A., 534 U.S. 506, 512 (2002). The Second Circuit has defined fair notice as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' "Id. At 79 (Quoting Simmons v. Abruzzo, 49F. 3d 83, 86 (2d Cir.1995)). "The Rules then rely on extensive discovery to flesh out the claims and issues in dispute. " Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir2005); see also Swierkiewicz, 534 U.S. at 512 ('this simplified notice pleading standard relies on liberal discovery rules and summary judgment motion to define disputed facts and issues and to dispose of unmeritorious claims") Given the simplified pleading standards of Federal Rules, a court may dismiss a complaint under Rule 12(b)(6)"'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). More over, in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, " the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Gill v. Pidlypchak, 389 F.3d 379, 384-85 (2d Cir. 2004) (citation omitted). Furthermore, where, as here, the case involves a Prose Litigant, the court must construe the allegations in the complaint liberally. Id. (citation and quotation marks omitted) (alteration in original). The Second Circuit has recently emphasized that in determining whether a prose complaint meets these standards " a district court should look at them with a lenient eye, allowing borderline cases to proceed." Phillips, 408 F.3d at 127-28 (quotations and citations omitted). '[P]ro se litigants… cannot be expected to know all of the legal theories on which they might

ultimately recover. It is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." Id. At 130. Defendants have a pending claim before the Connecticut General Assembly (referred by the State of Connecticut Commission [Claims] for 14[th] Amendment equal protection violation and have continued to collect illegal casino gaming money after they were notified to stop June 2005, see attached).

Respectfully Submitted;

*[signature]*

Herschel Collins, Pro se

Plaintiff

PMB 161

1131-0 Tolland Turnpike

Manchester, Ct. 06042

860-292-6417

July 20, 2006

## Certification

A Copy of this filing Has been To the following By mail

1) Robert Vicchelle, ESQ
Assist Attorney General
110 Sherman ST
Hartford, CT. 06106


_____
Herschel Collins, Prose
Plaintiff
PMB-161
1131-0 Tolland Turnpike
Manchester, CT. 06042
860-292-6412 / 860-995-8131
July 19, 2005

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


HERSCHEL COLLINS

      Plaintiff

      VS                           CIVIL DOCKET # 05-2142(RJL)

DEPARTMENT OF INTERIOR, et al.


      Defendants,


PROSE PLAINTIFF RESPONSE TO COURT ORDER, TO PROVIDE LEGALLY ADEQUATE PROOF OF SERVICE, AS TO DEFENDANTS THE MASHANTUCKET PEQUOTS TRIBE AND MOHEGAN TRIBAL NATION.

---

PROSE PLAINTIFF RESPONSE TO COURT ORDER OF JULY 17, 2006 WITH THE FOLLOWING AFFIDAVIT OF PROOF OF SERVICE.


AFFADAVIT
---

I ESTELLE JESSUP THE SERVER OF SAID SUMMONS AND COMPLAINT

ISSUED BY THE CLERK OF THE COURT, ON NOVEMBER 2, 2005 MADE

SERVICE UPON THE DEFENDANTS MASHANTUCKET PEQUOT TRIBE AND

THE MOGEGAN TRIBAL NATION. I MADE SERVICE ON THEM THE SAME

WAY I MADE SERVICE ON THE U.S. GOVERNMENT DEFENDANTS, AND THE

STATE OF CONNECTICUT DEFENDANTS. I UNDERSTAND THE MEANING OF

SWORING TO AN OATH, AND I AM OVER THE LEGAL AGE 21 AND UNDERSTAND SWEARING AN OATH TO THIS COURT, I ATTACH A COPY OF THE RETURN OF SERVICE I FILED WITH THE OFFICE OF THE CLERK AS PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON THE MASHANTUCKET PEQUOT TRIBE AND THE MOHEGAN TRIBAL NATION ON NOVEMBER 4, 2005.

*Estelle Jessup*

ESTELLE JESSUP, SERVER OF SUMMONS AND COMPLAINT MAKES THIS STATEMENT FREELY AND UNDER PENALTY OF LAW FOR MAKING FALSE STATEMENT.

State of Connecticut
Subscribed and sworn to before me
this _____ day of _____ 2006
_____
Notary Public
My Commission Expires _____

MARJORIE JONES
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 30, 2008