AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of _____

*Herschel Collins*

v.

*U.S. Department of Interior, ET AL*

**SUMMONS IN A CIVIL CASE**

CASE NUMBER   1:05CV02142

JUDGE: Richard J. Leon

DECK TYPE: Civil Rights (non-employm

DATE STAMP: 11/02/2005

TO: (Name and address of Defendant)

*Mashantucket-Pequot Tribe*
*Mashantucket, Connecticut 06095*

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF *PRO SE* ▓▓▓▓▓ (name and address)

*Herschel Collins*
*P.MB 161*
*1131-O Tolland Turnpike*
*Manchester, CT. 06040*
*860-995-8131*

an answer to the complaint which is served on you with this summons, within ____60____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON
CLERK

NOV 0 2 2005
DATE

y) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  11/4/05 |
| NAME OF SERVER *(PRINT)*  Estelle Jessup | TITLE  Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☒ Other (specify): U.S. Attorney (Request of U.S. Attorney General)
501 3rd St N.W 4th fl
Wash, D.C.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   11/4/05
       Date          *Signature of Server*

      35 Jeffrey Alan Dr.
    *Address of Server*   Manchester ct 06040

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of _____

_Herschel Collins_

v.

*U.S. Department of Interior, ET AL*

## SUMMONS IN A CIVIL CASE

CASE NUMBER   1:05CV02142

JUDGE: Richard J. Leon

DECK TYPE: Civil Rights (non-employmen

DATE STAMP: 11/02/2005

TO: (Name and address of Defendant)

*Mohegan Tribal Nation*
*Mohegan Sun Reservation*
*Montville, Connecticut*

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF *PRO SE* ▮▮▮▮▮ (name and address)

*Herschel Collins*
*P.M.B 161*
*1131-O Tolland Turnpike*
*Manchester, CT. 06040*
*860-995-8131*

an answer to the complaint which is served on you with this summons, within ___60___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON _____    NOV 0 2 2005 _____

CLERK                                          DATE

_Maureen Higgins_

By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 11/4/05 |

| NAME OF SERVER (PRINT)   Estelle Jessup | TITLE   Server |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): U.S. Attorney (Request of Attorney General
    501 3rd St. N.W. 4th Fl
    Wash. D.C.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   11/4/05
    Date

            _Estelle Jessup_
           Signature of Server

            35 Jeffrey Lane Jr.
           Address of Server   Manchester Ct 06040

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# STATE OF CONNECTICUT
## OFFICE OF THE CLAIMS COMMISSIONER

| | | |
|---|---|---|
| HERSHEL COLLINS | : | CLAIM |
| | : | # 14907 |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DIVISION OF REVENUE SERVICES | : | DECEMBER 9, 2003 |

## NOTICE OF CLAIM

Pursuant to Sections 4-141, et seq., of the Connecticut General Statutes, the within-named Claimant makes claim for relief against the State of Connecticut and respectfully shows the following:

**I.    NAME AND ADDRESS OF CLAIMANT AND CLAIMANT'S COUNSEL:**

The claimant herein is Hershel Collins of 170 Harold St, Hartford, CT.

The claimant is represented by Attorney Dawne Westbrook, P.O. Box 2502, Middletown, CT 06457, phone (860) 538 3498.

**II.    BASIS OF CLAIM:**

The claimant alleges an Equal Protection violation pursuant to the 14th Amendment to the United States Constitution. Specifically, the claimant attempted to apply for a gaming/gambling license with the Division of Revenue Services on several occasions beginning in 1999 and as recently as the calendar year 2003. On each occasion the claimant was informed that only Indian Tribes were authorized to obtain such a license. The gambling facilities are operated within the state of Connecticut. Despite the state laws prohibiting gambling, the Indian Tribes have been allowed to operate such facilities.

The State of Connecticut has not only selectively enforced those laws, but has continually

treated the citizens of the State differently than the Indian Tribes.

## III.    AMOUNT REQUESTED:

The claimant demands in excess of $100,000.

## IV.    REQUEST FOR PERMISSION TO SUE:

The Claimant requests permission to sue the State of Connecticut.

THE CLAIMANT

BY _____

DAWNE WESTBROOK
Juris No.416745
Attorney at Law
P.O. Box 2502
Middletown, CT 06457
(860) 538 3498 phone
(860) 346 1028 fax
His Attorney

2



**Herschel Collins U.S. Senate**
P M B 161-1131-0 Tolland Tpke
Manchester CT 06042
860-995-8131
860-997-6901

7/19/06

Elizabeth Herman

Office of Bar Counsel

202-638-0862.

RE: Melvin M. Burton, Jr. (Disbarred Attorney, Consulting)
    Check made payable To Claude Roxbury Esq (cash) by Burton

MS. HERMAN: HERE a Copy of All Document you Requested
After Informing me. Melvin M. Burton was. Disbarred from
the Practice of Law In 1984. (1) Letter Head (2) Copy
of $500 Refund from. Atty Burton Trust Account (3) Agreement
with Atty Iglehart He Assigned this Case To. Attorney
Burton Recieved $15,500 from. my Partner Raymond
Roncari March 2006 To protect me from the Court After
filing Default 55a In U.S. District. Attached IS Copy of mr.
Roncari Bank Account at Sovereign Bank. three $15,000 In
Melvin M. Burtin, Jr. Attorney Trustee Account.

HERSCHEL Collins, U.S. Senate
860-292-6417

*143*

*Judge would not allow Clerk to enter Default under Rule 55a*

*(2) Almost 8 month Later Judge file this order And went before 2nd Circuit for 372c Judicial misconduct*

*This Case Doct was never Dismissed STATE Defaulted 55a*

*(2)*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

HERSCHEL COLLINS, ET AL.,
    Plaintiffs,

    v.

FORD MOTOR CREDIT CO.,
ET AL.,
    Defendants.

:
:
:
:
:
:
:
:
:

Case No. 3:01CV2060CFD

2002 OCT 23 · P 3: 46

DISTRICT COURT
HARTFORD CT

### ORDER

The defendants "Richard Blumenthal," "All Assistant Attorney Generals," "State of Connecticut Judicial Branch,""Connecticut Support Enforcement Division," "Family Relation Court Connecticut," and "Judge Simon Bernstein," are hereby ordered to show cause why the plaintiff's renewed motion for default [Doc. #130] should not be granted.

SO ORDERED this **23rd** day of October 2002, at Hartford, Connecticut.

                                          **CHRISTOPHER F. DRONEY**
                                          **UNITED STATES DISTRICT JUDGE**

A TRUE COPY
Deccan S. MacKechnie, CLERK
By Stanley A. Tooler
DEPUTY CLERK

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HERSCHEL COLLINS, ET AL.,          :
                                   :
          Plaintiffs,              :
                                   :        No. 3:04CV1905 (MRK)
v.                                 :
                                   :
EXPERIAN CREDIT REPORTING          :
SERVICE, ET AL.,                   :
                                   :
          Defendants.              :

## RULING AND ORDER

This ruling addresses the following motions that are currently pending before the Court: Defendants Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31]; Defendant Experian's Motion to Dismiss Plaintiffs' Amended Complaint [doc. #32]; Plaintiff Estelle Jessup's Motion for Leave to Expand My Complaint [doc. #34]; and Plaintiff Herschel Collins' Motion for an Injunction and Restraining Order [doc. #35]. Having considered the parties' submissions, the Court enters the following orders.

I.

Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [**doc. #31**] IS DENIED and Experian's Motion to Dismiss Plaintiffs' Amended Complaint [**doc. #32**] IS GRANTED IN PART and DENIED IN PART. Defendants move to dismiss all three of the *pro se* Plaintiffs' claims on essentially two grounds: (1) failure to comply with the pleading requirements of Rule 8 of the *Federal Rules of Civil Procedure*; and (2) failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. In addition, all three Defendants move to dismiss Ms. Jessup's claims as time-

barred by the relevant statute of limitations.

Rule 8 does not impose particularly onerous requirements.  The rule requires only that complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a)(1).  The purpose of this requirement is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (citations omitted); *see also Swierkiewicz v. Sorema, S.A.*, 534 U.S. 506, 512 (2002).  The Second Circuit has defined fair notice as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' "  *Id.* at 79 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).  "The Rules then rely on extensive discovery to flesh out the claims and issues in dispute."  *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005); *see also Swierkiewicz*, 534 U.S. at 512 ("this simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

Given the simplified pleading standards of the Federal Rules, a court may dismiss a complaint under Rule 12(b)(6) " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Id.* (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).  Moreover, in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Gill v. Pidlypchak*, 389 F.3d 379, 384-85 (2d Cir. 2004) (citations omitted).  Furthermore, where, as here, the case involves a *pro se* litigant, the court must construe the allegations in the complaint

liberally. *Id.* (citation and quotation marks omitted) (alteration in original). The Second Circuit

has recently emphasized that in determining whether a *pro se* complaint meets these standards "a

district court should look at them with a lenient eye, allowing borderline cases to proceed."

*Phillips*, 408 F.3d at 127-28 (quotations and citations omitted). "[P]*ro se* litigants . . . cannot be

expected to know all of the legal theories on which they might ultimately recover. It is enough

that they allege that they were injured, and that their allegations can conceivably give rise to a

viable claim." *Id.* at 130.

Defendants previously moved to dismiss Plaintiffs' original Complaint on Rule 8

grounds, *see* Defendants' Consolidated Motion to Dismiss and in the Alternative for a More

Definite Statement [doc. #9], but the Court denied their request and instead afforded Plaintiffs an

opportunity to provide Defendants with a more definite statement of Plaintiffs' claims. *See*

Ruling and Order [doc. #17]. In particular, the Court directed Plaintiffs to:

> state specifically which of their credit reports were inaccurate, on what basis they
> are claimed to be inaccurate, and what conduct of the Defendants allegedly
> violated the FCRA. If Plaintiffs make multiple claims, each claim against each
> Defendant should be listed as a separate count in the Complaint.

*Id.* at 3. Thereafter, Plaintiffs filed a pleading entitled "More Definitive Statement Requested by

Defendants" [doc. #28] which has been docketed as, and which the Court will treat as, an

Amended Complaint. Plaintiffs' Amended Complaint, like many *pro se* pleadings, is not a model

of clarity. Plaintiffs write entirely in capital letters and use only minimal punctuation. They

occasionally refer to certain paragraph numbers, yet the text is not separated into paragraphs and

their pleadings are devoid of section headings or page numbers. Nevertheless, the Court

concludes that Plaintiffs have made a good faith attempt to comply with this Court's order

directing them to provide Defendants with a more definite statement and with one exception

noted below, Plaintiffs have adequately pleaded their claims under Rules 8 and 12(b)(6) of the

*Federal Rules of Civil Procedure.* That said and in the interest of clarity, the Court would ask

Plaintiffs in the future to forebear from using all capital letters in their pleadings and to try to

separate their arguments or claims into separate paragraphs.

### A. Herschel Collins

The portion of the Amended Complaint that relates to Plaintiff Herschel Collins sets

forth allegations relating principally to Experian. *See* Am. Compl. [doc. #28] at 1-3. Mr. Collins

makes only one reference to unlawful conduct by Defendants Trans Union or Equifax. He states

that "Defendants Experian, Trans Union and Equifax violated 15 U.S.C. Section 1681 of the Fair

Credit Reporting Act, by ignoring complaints of Herschel Collins of identity theft of his name, in

the credit accounts being published by the three credit reporting agencies." *Id.* at 1. None of the

three Defendants has even addressed this claim, much less opposed it. Indeed, Trans Union and

Equifax apparently skipped over this portion of the Amended Complaint, as they argue that Mr.

Collins has failed to make any allegations against them. *See* Trans Union & Equifax's Motion to

Dismiss Pls.' Am. Compl. [doc. #31] at 2.

The Court construes Ms. Collins' allegations to state a claim under two recently-added

provisions of the FCRA[1] that impose duties on credit reporting agencies relating to identity theft.

First, under 15 U.S.C. § 1681c-1, a credit reporting agency is required to put a "fraud alert" on

the file of any consumer who asserts in good faith that she has been, or is about to become, the

---

[1] 15 U.S.C. §§ 1681c-1 and 1681c-2 were added to the FCRA by the Fair and Accurate
Credit Transaction Act of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952 (2003), and became
effective on December 1, 2004.

4

victim of identity theft. This fraud alert requests creditors to take additional steps to verify the applicant's identity before modifying any credit accounts or opening new credit accounts in the applicant's name. *See* ID Theft Home, http://www.consumer.gov/idtheft/ (last visited Aug. 19, 2005). A victim of identity theft is also entitled to receive a free credit report under § 1681c-1. Second, under § 1681c-2, a credit reporting agency, shall, after receiving certain verifying information, "block the reporting of information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft." 15 U.S.C. § 1681c-2(a). Mr. Collins' allegation that Defendants have "ignored" his complaints could conceivably state a claim under either of these provisions. Accordingly, the Court denies Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31].

Mr. Collins also sets forth allegations specifically against Experian. Mr. Collins alleges broadly that "Experian . . . has supplied prospective credit grantor with false information about his credit history" including "judgments, collection, [and] point scores." Am. Compl. [doc. #28] at 2. Mr. Collins further alleges that as a result of the alleged inaccuracies, he has been denied loans. *Id.* These facts could conceivably give rise to the to a cause of action under 15 U.S.C. § 1681e(b), which requires credit reporting agencies to maintain "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 317 F. Supp. 2d 383, 394 (S.D.N.Y. 2004).

However, the Court's analysis does not end here because Mr. Collins has indicated in his prior pleadings that he has already sued Experian under the FCRA for its failure to maintain accurate credit reports in a case called *Collins v. Ford Motor Credit Co., et al*, No. 3:01cv2060

(AVC). *See* Pls.' Motion to Dismiss Defs.' Consolidated Motion to Dismiss, and in the Alternative, For a More Definite Statement [doc. #11] at 2. At some point in that lawsuit, Mr. Collins entered into a settlement agreement with Experian and the court entered judgment dismissing all of Mr. Collins' claims. *See* Judgment [doc. #179] in *Collins v. Ford Motor Credit Co., et al*, No. 3:01cv2060(AVC). As the Court has advised Mr. Collins, the doctrine of res judicata bars Mr. Collins from reasserting any claims that have been finally resolved in the prior lawsuit. *See* Ruling & Order [doc. # 18] at 3-4.

Experian moves to dismiss Mr. Collins' § 1681e claims under Rule 8 because they fail to "allow the application of res judicata." Experian's Motion to Dismiss Pls.' Am. Compl. [doc. #32] at 4-5. The Court agrees with Experian. One of the express purposes of the pleading requirements of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Wynder*, 360 F.3d at 77. Fair notice is, among other things, that which will "allow the application of res judicata." *Id.* at 79 (quoting *Simmons*, 49 F.3d at 86). Mr. Collins' single allegation that "Experian . . . has supplied prospective credit grantor with false information about his credit history" is too vague to permit Experion or this Court to assess his claim under the doctrine of res judicata. The Court is mindful of the Second Circuit's admonition that Rule 8 does not require a plaintiff such as Mr. Collins to flesh out *all* the details of his claims at this stage. Nonetheless, the Court believes that Mr. Collins should, at a minimum, be required to set forth a time frame for the events that form the basis of his claims so that the Court can, if appropriate, consider whether the doctrine of res judicata bars his claims.

Therefore, the Court GRANTS Experian's Motion to Dismiss Plaintiffs' Amended Complaint [doc. #32] as to Mr. Collins and DISMISSES Mr. Collins' § 1681e(b) claim against

Experian WITHOUT PREJUDICE. The Court will allow Mr. Collins one _final_ opportunity to state a claim under 15 U.S.C. § 1681e. To that end, Mr. Collins may, on or before **September 23, 2005**, file a motion to amend the complaint along with a proposed amended complaint. The Court emphasizes that this is not an invitation to Mr. Collins to introduce new and factually unrelated claims into this lawsuit. The Court is simply providing Mr. Collins one final opportunity to articulate his § 1681e(b) claim against Experian in a manner that comports with the pleading requirements of the _Federal Rules of Civil Procedure._ If Mr. Collins does choose to reassert his § 1681 claim, Experian may renew its res judicata motion, if approppropriate, at that time.

### B. Estelle Jessup

The portion of the complaint relating to Plaintiff Estelle Jessup borders, at certain points, on incoherence. _See_ Am. Compl. [doc. #28] at 3. Despite the Court's instructions in its prior order, Ms. Jessup has not identified which, if any, of her credit reports was inaccurate, or which of the three Defendants engaged in the conduct that she complains of; nor has she identified which provision of the FCRA she believes Defendants have violated. Nevertheless, construing Ms. Jessup's allegations liberally, the Court concludes that she has alleged facts that could give rise to a claim under the FCRA.

Ms. Jessup makes a vague reference to an instance of identity theft and claims that "the above defendants in there [sic] violation of the law telling me when I complain that this is my signature and they have never met me" and that "I have been told I have credit cards in my name, the bill does not come to my address, I ask where the cards and bill going, no response from defendants." _Id._ However, in Plaintiffs' Motion of Objection to Defendant's Motion of

Dismissal [doc. #38], Ms. Jessup alleges somewhat more clearly that she was a victim of identity theft in 2002, and "the three credit bureaus failed to notify creditor of the identity theft, as result on January 18, 2005, her home was taken by the state court and sold . . . , and the persons identified in the identity theft report circulated by the federal trade commission has [sic] never appeared on any of the three reporting agencies reports."

As set forth in Part A, *supra*, the Court is aware of only two provisions in the FCRA imposing duties on credit reporting agencies relating to identity theft: (1) 15 U.S.C. § 1681c-1 requires credit reporting agencies to put a "fraud alert" on the file of any consumer who asserts in good faith that she has been, or is about to become, the victim of identity theft and entitles a victim to a free credit report; and (2) 15 U.S.C. § 1681c-2 requires that credit reporting agencies, after receiving certain verifying information, "block the reporting of information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft." At least one of Ms. Jessup's allegations – namely her statement that the defendants "failed to notify creditor of the identity theft" – could conceivably give rise to a claim under these provisions. Under § 1681c-2, after blocking information that allegedly resulted from identity theft, credit reporting agencies must also notify the "furnisher" of the blocked information that "the information may be the result of identity theft." 15 U.S.C. § 1681c-2(b).

Defendants move to dismiss Ms. Jessup's claims on the ground that they are time-barred because she states that she has been the victim of identity theft "[s]ince 1997." *See* Am. Compl. [doc. #28] at 3; Experian's Motion to Dismiss Pls.' Am. Compl. [doc. #32] at 6; Equifax & Trans Union's Consolidated Motion to Dismiss Pls.' Am. Compl. & Mem. in Support [doc. #31] at 3-4. Claims for violations of the FCRA must be brought not later than the earlier of (1) "2 years after

the date of discovery by the plaintiff of the violation that is the basis for such liability"; or (2) "5 years after the date on which the violation that is the basis for liability occurs." 15 U.S.C. § 1681p. Thus, if Ms. Jessup's claims accrued in 1997, they would certainly be barred because this lawsuit was not filed until November 12, 2004.

However, in her opposition brief, Ms. Jessup clarified that the incident of identity theft that forms the basis of her current claims occurred in 2002, not 1997. *See* Pls.' Motion of Objection to Def.'s Motion of Dismissal [doc. #33] at 4. It follows that the alleged failure of the Defendants to notify creditors of this identity theft could not have occurred prior to 2002, arguably placing Ms. Jessup's claim within the statute of limitations period. And while it is possible that the facts may ultimately show that Ms. Jessup discovered Defendants' alleged violation of § 1681c-2 prior to November 2002, the Court cannot conclude that Ms. Jessup's claim is barred by the FCRA's statute of limitations on the basis of the current record.

Defendants also moved to dismiss Ms. Jessup's claims under Rule 12(b)(6) for failure to adequately state a claim under 15 U.S.C. § 1681e and 42 U.S.C. § 1981. However, these objections are now moot because the Court has not construed Ms. Jessup's allegations to invoke either of those statutory provisions. Therefore, the Court DENIES Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31] and Experian's Motion to Dismiss Plaintiff's Amended Complaint [doc. #32] as to Ms. Jessup.

### C. Jovan Wooten

The portion of the Amended Complaint relating to Plaintiff Jovan Wooten is much clearer in comparison to that of his co-plaintiffs. Mr. Wooten alleges that defendants "report[ed] derogatory information to creditor that I have defaulted on student loans and had a repossession

of an automobile." Am. Compl. [doc. #28] at 3-4. Construing Mr. Wooten's allegations

liberally, Mr. Wooten has stated a claim under 15 U.S.C. § 1681e(b).

Under this provision, credit reporting agencies are required to maintain "reasonable

procedures to assure maximum possible accuracy of the information concerning the individual

about whom the report relates." *County Vanlines*, 317 F. Supp. 2d at 394. In order to succeed on

a claim under this section, a plaintiff must ultimately demonstrate that: "(1) the consumer

reporting agency was negligent in that it failed to follow reasonable procedures to assure the

accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information

about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's

negligence proximately caused the plaintiff's injury." *O'Diah v. New York City*, No. 02 Civ.274

DLC, 2003 WL 22021921, at *3 (S.D.N.Y. Aug. 28, 2003).

Mr. Wooten has alleged that two items of information were inaccurately reported in his

credit report: (1) that he defaulted on a student loan; and (2) that his automobile was repossessed.

Am. Compl. [doc. #28] at 3-4. He also explains why he believes that this information is

inaccurate – he did not obtain a student loan and the car that was purportedly repossessed was in

fact recalled. *See id.* Finally, Mr. Wooten has also alleged that he was harmed by these

inaccuracies because, as a result of the misinformation on his credit report, he was unable to

obtain credit. The Court finds that these allegations by Mr. Wooten adequately state a claim for

violation of 15 U.S.C. § 1681e(b). Accordingly the Court DENIES both Trans Union's

Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31] and Experian's

Motion to Dismiss Plaintiffs' Amended Complaint [doc. #32] as to Mr. Wooten.

## II.

Plaintiff Estelle Jessup's Motion for Leave to Expand My Complaint [doc. #34], which the Court construes as a motion to amend the complaint, is denied without prejudice. Ms. Jessup seeks leave to "include Robert Hannifan, Steven Zuboff, John Cooney, Hunt, Liebert, Esquire, and Washington Mutual" in this action. However, Ms. Jessup's one paragraph motion does not indicate who the individuals she has named are or on what basis she wishes to include these additional parties in this lawsuit.

Although Courts "freely grant leave to amend 'when justice so requires,' courts deny such leave where amendment would be futile." *Marvin Inc. v. Albstein*, No. 04 Civ. 1567(DAB), 2005 WL 106908, at *8 (S.D.N.Y. Jan.19, 2005) (citing *Oneida Indian Nation of N.Y. v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003)). A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). For the reasons stated above, there is no question that the amendment proposed by Ms. Jessup could not withstand a motion to dismiss pursuant to Rule 12(b)(6). Accordingly, the Court denies Ms. Jessup's Motion for Leave to Expand My Complaint [doc. #34] without prejudice to renewal. However, in the event that Ms. Jessup seeks to renew her motion, she must do so no later than **September 23, 2005** and will need to provide appropriate details regarding the factual basis for including these individuals in this action.

## III.

Plaintiff Herschel Collins' Motion for Injunctions and Restraining Order [**doc. #35**] is denied without prejudice. Preliminarily, the Court notes that while this motion purports to seek

relief on behalf of all three "plaintiffs" in this lawsuit, it is signed only by Mr. Collins and the

attached exhibits deal only with Mr. Collins. Therefore, the Court construes the motion as a

having been brought by Mr. Collins alone. In his motion, Mr. Collins states that

> A few weeks ago defendant credit bureaus were showing unauthorized credit debt
> in violation of the F.C.R.A. . . . [and now] DEFENDANTS Have used there [sic]
> credit reporting network to totally delete Plaintiffs from their credit history files
> ( see attached credit files, and no credit history the following week.

Pl.'s Motion for Injunctions and Restraining Order [doc. #35] at 1 (hanging parenthesis in

original). Mr. Collins expands on this allegation in his Motion of Objection to Defendants'

Opposition of Injunction [doc. #39] stating that each defendant "has not been showing credit

information of the plaintiffs since this action has been filed. Plaintiffs cannot receive loans of

any kind, because we do not exist in the three credit bureau records." *Id.* at 2. As a result, Mr.

Collins asks the Court to impose "injunctive relief to this practice." Pl.'s Motion for Injunctions

and Restraining Order [doc. #35] at 1.

> The Second Circuit has stated that

> [A] party seeking a preliminary injunction must demonstrate (1) the likelihood of
> irreparable injury in the absence of such an injunction, and (2) either (a)
> likelihood of success on the merits or (b) sufficiently serious questions going to
> the merits to make them a fair ground for litigation plus a balance of hardships
> tipping decidedly toward the party requesting the preliminary relief.

*Fed. Express Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000). The Court cannot

discern from Mr. Collins' vague and conclusory statements whether he has raised any legally

cognizable claim, much less whether he would be likely to succeed on such a claim. The exhibits

attached to Mr. Collins' motion, a purchase order from an automobile dealer and a loan contract

from a bank, only add to the Court's confusion. Rather than supporting Mr. Collins' allegation

that he has been unable to obtain a loan, these documents suggest that he has recently obtained a
substantial loan in connection with the purchase of an automobile. Therefore, the Court denies
Mr. Collins' Motion for Injunctions and Restraining Order [**doc. #35**] without prejudice to
renewal.[2] If Mr. Collins chooses to renew this motion, he must clearly describe the facts that
underlie his request for injunctive relief, and must do so no later than **September 23, 2005**.

## IV.

In conclusion, the Court DENIES Equifax and Trans Union's Consolidated Motion to
Dismiss Plaintiffs' Amended Complaint [**doc. #31**] and GRANTS IN PART AND DENIES IN
PART Experian's Motion to Dismiss Plaintiffs' Amended Complaint [**doc. #32**]. Specifically,
Experian's motion is GRANTED as to Mr. Collins and DENIED as to Ms. Jessup and Mr.
Wooten. In addition, the Court DENIES WITHOUT PREJUDICE Ms. Jessup's Motion for
Leave to Expand My Complaint [**doc. #34**] and DENIES WITHOUT PREJUDICE Mr. Collins'
Motion for Injunctions and Restraining Order [**doc. #35**]. Mr. Collins must file any motion to
amend the complaint to state a claim under 15 U.S.C. § 1681e and/or any renewed motion for
injunctive relief no later than **September 23, 2005**. Similarly, Ms. Jessup must also file any
motion to join additional parties no later than **September 23, 2005**.

---

[2] The Court notes that there is a split among the federal courts as to whether the FCRA
provides for injunctive relief in private suits. *See Washington v. CSC Credit Servs. Inc.*, 199
F.3d 263, 268 (5th Cir. 2000) (collecting cases); *White v. First Am. Registry, Inc.*, No. 04 Civ.
1661(LAK), --- F. Supp. 2d ---, 2005 WL 1713065, at * 3 (S.D.N.Y. July 21, 2005) (declining to
recognize claim for injunctive relief). The majority of courts have concluded that injunctive
relief is available only in suits brought by the Federal Trade Commission.

IT IS SO ORDERED.


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut:** **August 24, 2005**.

I hereby certify that the foregoing
is a true copy of the original document
on file.    Date: 7/20/06

_____ B BOWE
CLERK
By_____ Deputy Clerk