# EXHIBIT A

STATE OF CONNECTICUT
OFFICE OF THE CLAIMS COMMISSIONER

CLAIM NUMBERS: 19907

HERSHEL COLLINS                                                  SEPTEMBER 30, 2005

### MEMORANDUM OF DECISION

The claimant, Hershel Collins, alleges that his Equal Protection rights, as guaranteed by the 14th Amendment to the United States Constitution, were violated by the Division of Special Revenue of the State of Connecticut. The claimant alleges that he has attempted to apply for a gaming / gambling license on several occasions and that he has been informed that only Indian Tribes are authorized to obtain such a license. He states that "Despite the state laws prohibiting gambling, the Indian Tribes have been allowed to operate such facilities. The State of Connecticut has not only selectively enforced those laws, but has continually treated the citizens of the state differently than the Indian Tribes." By claim filed December 11, 2003 claimant seeks damages and permission to sue the state. The respondent denies liability.

A formal hearing was held on September 29, 2005 at the Office of the Claims Commissioner. At that hearing the claimant and respondent appeared. The facts are not in dispute and the parties presented oral argument to supplement legal positions presented in Pre-Disposition Memoranda.

C.G.S. § 4-158[1] authorizes the Commissioner to pay just claims. C.G.S. § 4-141[2] defines a "just claim" as a "[c]laim which in equity and justice the state should pay, provided the state has caused damage or injury or has

---

[1] Sec. 4-158. Jurisdiction of commissioner. Payment of claim. Report to assembly. Waiver of payment on protest to assembly (a) The claims commissioner may approve immediate payment of just claims not exceeding seven thousand five hundred dollars. The clerk of the Office of the Claims Commissioner shall deliver to the comptroller a certified copy of the claims commissioner's order and the comptroller shall make payment from such appropriation as the general assembly may have made for the payment of claims or, in the case of contractual claims for goods or services furnished or for property leased,

received a benefit". While the "equity and justice" standard provides the Commissioner with discretion, that discretion cannot be exercised unless and until the claimant establishes that he was "damaged" by the state.

For authorization to sue the state the Commissioner must deem it to be" just and equitable" and find, in his opinion, that the claim presents an issue of law or fact under which the State, were it a private person, could be liable.

The claimant's basic contention is that he should be allowed to pursue an application to operate a casino or other gambling facility in the State of Connecticut. The respondent correctly argues that certain federally

---

from the appropriation of the agency which received such goods or services or occupied such property. Within five days after the convening of each regular session, the claims commissioner shall report to the general assembly on all claims decided pursuant to this section.

(b) Any person who, having filed a claim for more than [seven] ten thousand [five hundred] dollars, wishes to protest an award of the claims commissioner under the provisions of this section may waive immediate payment and his claim shall be submitted to the general assembly under the provisions of section 4-159. Such waiver shall be in writing and shall be filed with the claims commissioner within ten days after the claimant receives a copy of the order approving payment.

[2] Sec. 4-141. Definitions. As used in this chapter: "Claim" means a petition for the payment or refund of money by the state or for permission to sue the state; "just claim" means a claim which in equity and justice the state should pay, provided the state has caused damage or injury or has received a benefit; "person" means any individual, firm, partnership, corporation, limited liability company, association or other group, including political subdivisions of the state; "state agency" includes every department, division, board, office, commission, arm, agency and institution of the state government, whatever its title or function, and "state officers and employees" includes every person elected or appointed to or employed in any office, position or post in the state government, whatever such person's title, classification or function and whether such person serves with or without remuneration or compensation, including judges of probate courts and employees of such courts. In addition to the foregoing, "state officers and employees" includes attorneys appointed as victim compensation commissioners, attorneys appointed by the Public Defenders Services Commission as public defenders, assistant public defenders or deputy assistant public defenders, and attorneys appointed by the court as special assistant public defenders, the Attorney General, the Deputy Attorney General and any associate attorney general or assistant attorney general, any other attorneys employed by any state agency, any commissioner of the Superior Court hearing small claims matters or acting as a fact-finder, arbitrator or magistrate or acting in any other quasi-judicial position, any person appointed to a committee established by law for the purpose of rendering services to the Judicial Department including, but not limited to, the Legal Specialization Screening Committee, the State-Wide Grievance Committee, the Client Security Fund Committee, and the State Bar Examining Committee, any member of a multidisciplinary team established by the Commissioner of Children and Families pursuant to section 17a-106a, and any physicians or psychologists employed by any state agency. "State officers and employees" shall not include any medical or dental intern, resident or fellow of The University of Connecticut when (1) the intern, resident or fellow is assigned to a hospital affiliated with the university through an integrated residency program, and (2) such hospital provides protection against professional liability claims in an amount and manner equivalent to that provided by the hospital to its full-time physician employees.

recognized Indian Tribes are able to operate casinos in Connecticut due to the federal Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 et seq. Connecticut opposed the operation of casinos in the state [3] and has passed legislation in an effort to prevent additional casinos from being established. [4] The Indian casinos currently operating in the State of Connecticut exist as a result of federal court enforcement of federal law which Connecticut had no choice to obey.

The claimant has not alleged facts that could support a "just claim" finding. Nor has he shown that the state, if it were a private person, could be liable. This claim is dismissed.

STATE OF CONNECTICUT<br>
COMMISSIONER OF CLAIMS<br>
<br>
James R. Smith

cc: Robert Vacchelli
AAG

---

[3] Mashantucket Pequot Tribe v. State of Connecticut, 913 F. 2nd 1024 (2nd Cir. 1990) cert. denied 499 U.S. 975 (1991).
[4] 2003 Conn. Public Acts (January 6 Special Session). 03-01.