UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **HERSCHEL COLLINS** ) | |
| ) | |
| -Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 05-2142 (RJL) |
| ) | |
| **DEPARTMENT OF INTERIOR, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM ORDER
(March 15, 2007)

On November 2, 2005, plaintiff Herschel Collins, proceeding *pro* se, brought this action against the United States Department of Interior, the Bureau of Indian Affairs, the National Indian Gaming Commission, the United States Department of Justice, Connecticut Attorney General Richard Blumenthal, the Connecticut Division of Special Revenue, the Mashantucket Pequot Tribe, and the Mohegan Tribal Nation seeking the enforcement and "sealing" of what he refers to throughout his pleadings as a "Hold Harmless Agreement" between himself and the "535 members of the U.S. Congress."

On June 14, 2006, the Court granted plaintiffs motion to voluntarily dismiss his Complaint as to the Department of Interior, the Bureau of Indian Affairs, the National Indian Gaming Commission, and the United States Department of Justice. On July 17, 2006, the Court granted the defendants' motion to dismiss the claims against Connecticut Attorney General Richard Blumenthal and the Connecticut Division of Special Revenue. At present, only those claims against the Mashantucket Pequot Tribe, and the Mohegan

Tribal Nation remain. --

It is apparent from the record that neither the Mashantucket Pequot Tribe, nor the Mohegan Tribal Nation have been properly served. Although plaintiff submitted what he purported to be proof of service, the return of service notice submitted to the Court indicated service only upon the United States Attorney's Office for the District of Columbia on November 4, 2005. In its July 17, 2006 Memorandum Opinion and Order, the Court held that:

> The Manshantucket Pequot Tribe and Mohegan Tribal Nation have yet to be properly served in this matter....plaintiff will have ten days in which to provide the Court with proof of legally adequate service as to the two named Indian tribes. Failure to provide such proof will result in the dismissal of this action in its entirety. Service upon the United States Attorney's Office for the District of Columbia is not acceptable.

*Collins v. Department of Interior,* 468 F.Supp.2d 113 (D.D.C. 2006). Although the plaintiff submitted what he claimed was proof of service on July 24, 2006 (Docket No. 25), that submission was simply a refiling of the return of service notice indicating execution of service on the United States Attorney's Office for the District of Columbia on November 4, 2005.

As plaintiff has failed to show proof of acceptable service or provided an explanation to the Court of his failure to do so, it is hereby

**ORDERED** that plaintiffs claims against the Mashantucket Pequot Tribe, and the Mohegan Tribal Nation are dismissed without prejudice.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge